# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEWIS HARRIS,

                Petitioner,                         Case Number: 2:08-CV-13719

v.                                               HON. BERNARD A. FRIEDMAN

HUGH WOLFENBARGER,

                Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Lewis Harris has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, challenges his convictions for armed robbery, two counts of felonious assault, felony firearm, and felon in possession. For the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

**I.**

The convictions challenged in the pending petition arise from a robbery that occurred at the La Renaissance Motel in the City of Detroit on December 19, 2005. Peter Sibinovski testified that he was a night clerk at the hotel on the night of the robbery. On that night, a man who claimed to be "Alexander Lyles" and an unknown man rented a room at the motel at approximately 2:00 a.m. A couple of hours later, "Lyles" came to the office to report leaking water in the bathroom. Sibinovski left the office to assess the situation. He carried the keys to the office with him. Sibinovski worked to clean up the water in the motel room. A man came

into the room wearing a mask and began hitting Sibinovski with a nine-millimeter gun, while threatening to kill him. The man took Sibinovski's keys and tied him up. When Sibinovski was finally freed by motel residents who had heard the commotion, he discovered that the motel office had been ransacked and the money taken.

Police Officer John McLeod testified that he and his partner James Johnson responded to a radio dispatch about a possible robbery in progress at the La Renaissance Motel. As they approached the motel, he saw three men in the lobby of the motel, apparently committing a robbery. The three men then exited the motel. He identified two of the men as Petitioner and his co-defendant David Riggins. Officer McLeod testified that Petitioner and Riggins were each carrying blue steel automatic weapons. Officer McLeod drew his weapon and ordered the suspects to stop. The three men turned around, saw Officer McLeod and his partner and began running away. As the men were fleeing, Petitioner and Riggins turned around and one of them fired gunshots at Officers McLeod and Riggins. Officer McLeod could not identify which man fired the shots. Approximately thirty minutes later, Petitioner was arrested and Officer McLeod viewed him as he sat in the back of a patrol car. Officer McLeod identified him as one of the men he had seen fleeing the motel.

Officer Johnson's testimony was consistent with Officer McLeod's. He identified Petitioner as one of the three men he saw fleeing the La Renaissance Motel on the night of the robbery. He also testified that shots were fired at him and his partner. He could not identify which of the suspects fired the shots, but observed that both Petitioner and Riggins were carrying firearms.

William Steiner testified as an expert in gunshot residue testing. He testified that he

found gunshot residue on samples from Petitioner's left and right hands.

Petitioner did not testify in his own defense.

## II.

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of armed robbery, two counts of felonious assault, felon in possession, and felony firearm, second offense. On July 18, 2006, he was sentenced to 11 to 22 years' imprisonment for the armed robbery, 1 to 6 years' imprisonment for each of the felonious assault convictions, and 1 to 7-1/2 years' imprisonment for the felon-in-possession conviction, all to be served concurrently with one another and consecutively to five years' imprisonment for the felony-firearm, second offense conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claim through counsel:

   I.   Defendant is entitled to a reversal of his conviction because the verdict was against the great weight of the evidence.

He filed a *pro se* supplemental brief, raising the following additional claims:

   I.   Denying defendant's motion for additional discovery in which he requested an *in camera* review of Officer John McLeod's internal affairs file, was a violation of defendant's due process rights and requires remand for *in camera* review.

   II.  The evidence was insufficient to support a conviction for felonious assault because the elements required to establish felonious assault were not proven beyond a reasonable doubt in violation of due process.

   III. The evidence was insufficient to support the conviction for felony firearm possession by a felon, beyond a reasonable doubt, and therefore violates due process.

   IV.  The evidence was insufficient to support the armed robbery conviction on a theory of aiding and abetting beyond a reasonable doubt, and the conviction violates due process.

The Michigan Court of Appeals affirmed the convictions. *People v. Harris*, No. 271929 (Mich. Ct. App. Dec. 20, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Harris*, 480 Mich. 1188 (Mich. Apr. 28, 2008).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims for relief:

> I. Petitioner's right to due process of law was violated where the evidence at trial was insufficient to support Petitioner's conviction for armed robbery on a theory of aiding and abetting, and the trial judge's verdict was against the great weight of the evidence.
>
> II. Petitioner's right to due process of law was violated where the evidence at trial was insufficient to support Petitioner's convictions for felony-firearm and felon in possession of a firearm beyond a reasonable doubt.
>
> III. The evidence was insufficient to support a conviction for felonious assault beyond a reasonable doubt in violation of Petitioner's right to due process.

### III.

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual

determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

### IV.

All three claims raised by Petitioner allege that insufficient evidence was presented at trial to establish Petitioner guilty beyond a reasonable doubt of any of the crimes of conviction.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilty beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

> [T]his inquiry does not require a court to "ask itself whether *it* believes that the evidence at trial established guilty beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

5

*Id.* at 318-19 (internal citation and footnote omitted). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16. "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Although the Michigan Court of Appeals did not specifically cite *Jackson*, the court cited case law which plainly incorporated the *Jackson* standard and held that sufficient evidence was presented to sustain Petitioner's convictions. Under Michigan law, the elements of armed robbery are: (1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon. Mich. Comp. Laws § 750.529; *People v. Taylor*, 245 Mich. App. 293, 297 (2001).

"To establish that a defendant aided and abetted a crime, a prosecutor must show that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or knew that the principal intended to commit the crime at the time he gave aid and encouragement." *Riley v. Berghuis*, 481 F.3d 315, 322 (6th Cir. 2007), *citing People v. Carines*, 460 Mich. 750, 597 N.W.2d 130, 135 (1999). Under Michigan law, an "aider and abettor's state of mind may be inferred from all the facts and circumstances. Factors that may be considered include a close association between the

defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime." *People v. Carines*, 460 Mich. 750, 758 (1999). "The quantum of aid or advice is immaterial as long as it had the effect of inducing the crime." *People v. Lawton*, 196 Mich. App 341, 352 (1992)

The Michigan Court of Appeals held that sufficient evidence was presented to sustain Petitioner's conviction for armed robbery. In reaching this conclusion, the Michigan Court of Appeals relied on the following facts adduced at trial: Petitioner was connected to the vehicle that was seen at the motel at the time of the robbery, the vehicle was owned by his girlfriend, who testified that Petitioner had possession of the vehicle on the night of the robbery, and that, in a picture shown to her by the prosecutor, Petitioner's cell phone was on the seat of the vehicle. Additionally, two police officers saw Petitioner and his co-defendant exiting the motel after the robbery, each carrying an automatic handgun. The officers pursued the men. One of the men turned and fired shots at the officers. Petitioner was found hiding in a yard one or two blocks from the motel. A residue test performed on Petitioner tested positive for the presence of gunshot residue on his hands. *See Harris*, slip op. at 3-4.

Under Michigan law, "[t]he elements of felonious assault are: (1) an assault, (2) with a dangerous weapon, and (3) with an intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v. Avant*, 235 Mich. App. 499, 505, 597 N.W.2d 864, 869 (1999). The Michigan Court of Appeals held that the evidence that Petitioner was "observed leaving the motel with Riggins, that [Petitioner] was observed to be armed with a handgun, that shots were fired at the two officers as they were pursuing [Petitioner] and Riggins, and that [Petitioner] subsequently tested positive for gun shot residue" was sufficient to sustain

7

his conviction for felonious assault. *Harris,* slip op. at 3.

Finally, the state court held that the evidence supporting the armed robbery and felonious assault convictions, coupled with Petitioner's stipulation that he had previously been convicted of a felony that prohibited him from carrying or possessing a firearm, provided sufficient evidence to sustain the firearm-related convictions.

Petitioner has failed to establish that the Michigan Court of Appeals' decision was contrary to or an unreasonable application of Supreme Court precedent. Viewing the facts in the light most favorable to the prosecution, the trial testimony established Petitioner's presence at the scene of the crime, that he fled from the motel while carrying a weapon, was found hiding near the motel after fleeing police, and had gunshot residue on this hand. Given this testimony, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented to sustain the convictions did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner is not entitled to federal habeas corpus relief.

## V.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied

when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

**VI.**

The petitioner has not shown he is incarcerated in violation of federal law as determined by the Supreme Court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2010